IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TEMPIE ANN BELL,                )
                                )
         Plaintiff,             )
                                )
    v.                          )         1:14CV188
                                )
ROBERT A. MCDONALD, Secretary,  )
Department of Veterans Affairs, )
                                )
         Defendant.             )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff Tempie Ann Bell ("Plaintiff") commenced this action by filing a Complaint (Doc. 1) with this court on March 4, 2014 against the Secretary of Veteran Affairs ("Defendant").[1] Plaintiff moved to amend her complaint on June 10, 2014 (Doc. 5), and this court granted Plaintiff's motion on September 29, 2014. (Doc. 10.)

While Plaintiff's motion to amend was pending, Defendant filed a Motion to Dismiss Plaintiff's Third and Fourth Cause of Action and supporting Memorandum (Docs. 6, 7). Plaintiff filed a

---

[1] Eric K. Shinseki was the named defendant at the outset of this case, due to his role as Secretary of Veterans Affairs at the time Plaintiff originally filed her complaint. This court substituted Robert A. McDonald, the current Secretary of Veterans Affairs, as Defendant on September 29, 2014. (Doc. 10.)

Response (Doc. 8) opposing Defendant's Motion to Dismiss, and Defendant filed a Reply (Doc. 9). Plaintiff filed her Amended Complaint (Doc. 11) on October 11, 2014. Per this court's September 29, 2014 Order, Defendant filed a Notice (Doc. 13), requesting that this court rule on Defendant's Motion to Dismiss (Doc. 6) as if it has been filed subsequent to the Amended Complaint.

This court has carefully reviewed Defendant's Motion and Memorandum, Plaintiff's Response, and Defendant's Reply. For the reasons stated below, this court will grant Defendant's Motion to Dismiss. However, this court will allow Plaintiff leave to file an amended complaint to waive all damages in excess of $10,000 in her third cause of action, the breach of contract claim.

I. **BACKGROUND**

The present action stems from allegations of disability discrimination and breach of a settlement contract. (Amended Complaint ("Am. Compl.") (Doc. 11).) Plaintiff, a resident of Orange County, North Carolina, was an employee of the Department of Veteran Affairs ("VA"), with her primary place of employment being the VA Medical Center in Durham, North Carolina. (Id. ¶¶ 1-2.)

As a result of previous litigation in this district, Plaintiff and Defendant entered into a Settlement Agreement ("Agreement") in 2005.[2] (Id. ¶ 4.) Plaintiff asserts that the Agreement provided that Defendant would provide Plaintiff with "employment in diabetes education, which would not involve significant lifting." (Id. ¶ 5.) In addition to other stipulations, the Agreement also called for Plaintiff to obtain certification as a diabetes educator. (Id. ¶ 6.) However, Plaintiff asserts that, as an alternative to this certification, Plaintiff and Defendant agreed that Plaintiff would obtain her Master's Degree with financial assistance from Defendant. (Id.) Plaintiff further alleges that when she completed her Master's Degree in September 2009, Plaintiff was informed by her supervisor that she had a deadline of December 20, 2009, to obtain her diabetes educator certification, despite being told that the Master's Degree would supersede this requirement. (Id. ¶ 8.) Plaintiff did not obtain said certification by the deadline date. (Id.)

Plaintiff suffers from chronic back pain that limits her ability to work. (Id. ¶ 7.) On or about February 1, 2010,

---

[2] The prior action was captioned as Case Number 1:03CV538.

Plaintiff was assigned to ward nursing duties. (Id. ¶ 9.) Plaintiff complained to senior management that she was unable to perform the ward nursing duties, because of her back pain. (Id.) On May 20, 2010, Plaintiff filed a complaint in state court[3] challenging the transfer from diabetes educator to ward nurse. (Id. ¶ 10.) This action was dismissed. (Id.) During this period, Plaintiff sought assistance from her union and senior management, but remained assigned to ward nursing. (Id. ¶ 11.) Plaintiff asserts that between February and August 2010, Plaintiff was followed, stalked, and had numerous confrontations with her managers. (Id.) During this period, the hospital still provided diabetes education, but that work was assigned to others. (Id. ¶ 12.) In addition, Plaintiff requested transfers to work that would accommodate her back pain, but those transfers were refused. (Id.)

On or about August 10, 2010, a manager confronted Plaintiff and threated to initiate the revocation of her nursing license. (Id. ¶ 14.) Plaintiff asserts that, as a result of this confrontation, she became so distraught that she fell, hit her head, and suffered major injuries. (Id. ¶ 15.) Plaintiff filed a

---

[3] This action was removed to the Middle District and assigned Case Number 1:10CV475. (Am. Compl. (Doc. 11) ¶ 10.)

worker's compensation claim. (Id. ¶ 16.) Plaintiff alleges that as a result of her fall and inability to work due to the injuries sustained from the fall, Defendant "continued its pattern of unjustified actions against Plaintiff."[4] (Id. ¶ 17.) On or about September 16, 2010, Defendant insisted Plaintiff return to work as a ward nurse or be terminated. (Id. ¶ 18.) Defendant terminated Plaintiff in March 2011.[5] (Id.) Plaintiff filed two EEOC claims regarding this matter and the agency issued its final decision on December 9, 2013. (Id. ¶ 19.) Subsequently, Defendant billed Plaintiff for financial assistance advanced to Plaintiff to help pay for her Master's Degree. (Id. ¶ 21.)

Plaintiff asserts four causes of action: (1) wrongful discrimination based on disability, (2) retaliation, (3) breach of contract based on Defendant's alleged violation of the Settlement Agreement, and (4) asking this court to enjoin Defendant from collecting any tuition assistance money from

---

[4] Plaintiff asserts several actions by Defendant including not paying her, not recognizing her leave, refusing leave requests, and refusing other jobs that were not as physically demanding as ward nursing. (Am. Compl. (Doc. 11) ¶ 17.)

[5] Plaintiff's termination was the subject of a separate lawsuit in the Middle District of North Carolina, assigned case number 1:12CV57. This court ruled in favor of Defendant, which was subsequently affirmed on appeal by the Fourth Circuit.

Plaintiff. Presently, Defendant asks this court to dismiss the third and fourth causes of action.

## II.  LEGAL STANDARD

Defendant's Motion to Dismiss requests that this court dismiss Plaintiff's third and fourth causes of action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss (Doc. 6) at 1.)

### A.  Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. Id. (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## B. Fed. R. Civ. P. 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.

## III. ANALYSIS

Defendant moves this court to dismiss Plaintiff's third and fourth causes of action. In these causes of action, Plaintiff asserts (1) Defendant breached the Agreement as modified by insisting that Plaintiff either become certified as a diabetes educator or return to ward nursing, and (2) Defendant should be enjoined from collecting or attempting to collect any debt that incurred as a result of Defendant providing tuition assistance

- 7 -

to Plaintiff. (Am. Compl. (Doc. 11) ¶¶ 28-31.) This court will address each claim in turn.

**A.   Third Cause of Action (Breach of Contract)**

Plaintiff's third cause of action is for breach of contract regarding Defendant's alleged breach of the Agreement. In North Carolina, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of [the] contract." Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). As stated supra, Plaintiff and Defendant entered into the Agreement on March 9, 2005. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem."), Ex. A, Settlement Agreement (Doc. 7-1).)[6] "Settlement agreements are contracts and are therefore governed by general principles of contract law." Webster v. Rumsfeld, 156 Fed. Appx. 571, 577 (4th Cir. 2005).

Plaintiff asserts that Defendant breached the Agreement when Defendant "insist[ed] that Plaintiff either become

---

[6] The Settlement Agreement was submitted to this court by Defendants. "A court can . . . take into consideration at the 12(b)(6) stage documents attached to a motion to dismiss, as long as they are integral to the complaint and authentic." Berry v. Gutierrez, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008), aff'd sub nom. Berry v. Locke, 331 Fed. Appx. 237 (4th Cir. 2009). The Settlement Agreement is integral to Plaintiff's third cause of action, which is at issue here. In addition, neither party disputes its authenticity. This court will consider the Settlement Agreement in deciding this motion.

- 8 -

certified or return to ward nursing." (Am. Compl. (Doc. 11) ¶ 29.) The Agreement specifically states that "Plaintiff is currently assigned as a Glucometer Educator." (Settlement Agreement (Doc. 7-1) at 3.) The Agreement goes on to state that Plaintiff will obtain certification as a Diabetes Educator. (Id. at 4.) The Agreement allows for Defendant to expand Plaintiff's duties if Plaintiff "is medically able to work more hours." (Id. at 5.) In addition, the Agreement states that "[t]he expansion of duties will be at the discretion of the Defendant and will not be limited to Diabetes and/or patient education." (Id. at 5-6.) Defendant does not dispute these terms of the Settlement Agreement.

Plaintiff asserts that Defendant consented to Plaintiff obtaining her Master's Degree in lieu of the Diabetes Educator certification, and Plaintiff obtained her Master's Degree pursuant to the Agreement. (Am. Compl. (Doc. 11) ¶¶ 6, 8.) Nowhere in the pleadings does Defendant deny the amended requirement or any of Plaintiff's allegations on this issue. The Agreement is a contract and, with these facts as alleged, it appears that Plaintiff has stated a claim for breach of that contract. Defendant required Plaintiff to become certified despite agreeing to allow her to obtain a Master's Degree

- 9 -

instead. In addition, Defendant moved Plaintiff to different work, which they were allowed to do, but only if Plaintiff was physically able to do that work. (See Settlement Agreement (Doc. 7-1) at 4.) These are both potential breaches of the Agreement and are enough to survive a motion to dismiss.

However, this court must analyze whether or not this court has jurisdiction over this breach of contract claim. Defendant is an arm of the United States and, therefore, the present action against Defendant is a lawsuit against the federal government. See generally Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990) (analyzing statute of limitations in a lawsuit against the government where VA was the defendant). Generally, the federal government is "immune from suit unless it consents to be sued, and in that case 'the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Berry, 587 F. Supp. 2d at 726 (quoting United States v. Testan, 424 U.S. 392, 399 (1976)).

There are limited instances where federal district courts have jurisdiction over contract disputes with the government. One potential avenue for this court to have jurisdiction is if Plaintiff is asking this court to enforce the Settlement Agreement and the government has consented to that. In the

context of a settlement agreement, the Eastern District of North Carolina explained:

> The Fourth Circuit has held that a settlement agreement may not be enforced by a court unless the agreement has been "incorporated into an order of the court, or, at the time the court is requested to enforce the settlement agreement, there exists some independent ground upon which to base federal jurisdiction"' Columbia-Amer. Disc. Grp. v. Atlantic Mut. Ins., 203 F.3d 291, 299 (4th Cir. 2000) (quoting Fairfax Countywide Citizen Assn. v. Fairfax Cnty., 571 F.2d 1299, 1303 (4th Cir. 1978)). If a settlement agreement itself does not authorize money damages for breach of the agreement, a court in the Fourth Circuit does not have jurisdiction to grant such relief. See Frahm v. United States, 492 F.3d 258, 261-62 (4th Cir. 2007) (affirming dismissal of a suit seeking money damages for the government's breach of a settlement agreement because — despite the waiver of sovereign immunity for contract breaches in the Tucker Act — neither the agreement nor any statute explicitly authorized money damages for breach of a settlement agreement).

Foxworth v. United States, Civil Action No. 3:13-CV-291, 2013 WL 5652496, at *3 (E.D. Va. Oct. 16, 2013). In the present action, the Agreement itself does not contemplate any action in the event of breach and the court did not incorporate the Agreement in any order. There is no indication that Defendant consented to this court's jurisdiction to enforce the Agreement at any time. Therefore, this court does not have jurisdiction to maintain Plaintiff's third cause of action as an action to enforce the Agreement.

- 11 -

In the alternative, this court may have jurisdiction over Plaintiff's third cause of action for damages stemming from a breach of contract, if the lawsuit meets certain criteria.

> The United States' waiver of sovereign immunity with respect to contract claims is embodied in the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The Tucker Act confers jurisdiction only on the United States Court of Federal Claims to hear cases involving express or implied contracts with the United States. 28 U.S.C. § 1491(a)(1). The Little Tucker Act confers concurrent jurisdiction on the district courts to hear contract claims involving the United States that do not exceed $10,000. 28 U.S.C. § 1346(a)(2).

Vill. of Bald Head Island v. U.S. Army Corps of Eng'rs, 833 F. Supp. 2d 524, 534 (E.D.N.C. 2011), aff'd, 714 F.3d 186 (4th Cir. 2013). If construed as a simple breach of contract claim, the present action is a suit for damages stemming from a breach of an express contract with the government.

As stated earlier, Defendant does not contest the facts surrounding the alleged breach as set forth by Plaintiff, but Defendant does challenge this court's jurisdiction pursuant to the Little Tucker Act, because Defendant asserts the amount in controversy exceeds $10,000. (Def.'s Mem. (Doc. 7) at 3.) However, the case cited by Defendant in support of this proposition is not persuasive to this court on the present facts. Unlike Renfro v. Shinseki, No. 3:13CV38/MCR/EMT, 2013 WL

2292026, at *7 (N.D. Fla. May 24, 2013), the present Plaintiff has not specified an amount that would allow this court to estimate damages with any certainty.

As federal courts are courts of limited jurisdiction, the Little Tucker Act's bar on claims over $10,000 is a directive this court must follow. Federal courts have held that district courts may assert jurisdiction over Little Tucker Act claims so long as the plaintiff waives any recovery of damages in excess of $10,000. See, e.g., Roedler v. Dep't of Energy, 255 F.3d 1347, 1351 (Fed. Cir. 2001). Because Plaintiff has not specifically addressed this issue, this court finds it must dismiss Plaintiff's breach of contract claim without prejudice. Nonetheless, this court will allow Plaintiff leave to amend her Complaint pursuant to this Memorandum Opinion and Order for the limited purpose of waiving any damages in excess of $10,000 in her breach of contract claim. If Plaintiff waives all damages in excess of $10,000, this court may have jurisdiction over the contract claim pursuant to the Little Tucker Act.

### B.  **Fourth Cause of Action (Injunctive Relief)**

Plaintiff frames her fourth cause of action as a request for injunctive relief. Plaintiff asserts that "Defendant should be enjoined from collecting or attempting to collect any alleged

debt and penalties owed as a result of providing assistance for Plaintiff's Masters Degree." (Am. Compl. (Doc. 11) ¶ 31.) Plaintiff contends that it is because of Defendant's actions that Plaintiff was "unable to fulfill her obligations" under the tuition assistance agreement, and therefore, Defendant should be enjoined from billing the Plaintiff for said assistance. (Id.)

Defendant asserts that "Plaintiff received tuition assistance under the Department of Veterans Affairs (VA) Employee Incentive Scholarship Program (EISP) as authorized by 38 U.S.C. §§ 7631 to 7636 and 7671 to 7675. Participants in the EISP agree to a service obligation and may be subject to monetary penalties if the service obligation is not met." (Def.'s Mem. (Doc. 7) at 4.) Plaintiff does not dispute this allegation, and documentation provided by Defendant supports this contention. (See Def.'s Mem., Supplement, Veterans Health Administration ("VHA") Directive 1020 (Doc. 7-4).)[7] This court construes Plaintiff's fourth cause of action as not one for

---

[7] VHA Directive 1020, which implements the Employee Incentive Scholarship Program ("EISP") was submitted to this court by Defendant. As stated earlier, this court can take into consideration documents attached to a motion to dismiss, as long as they are integral to the complaint and authentic. See supra note 6. The EISP is integral to Plaintiff's fourth cause of action, which is at issue here. In addition, neither party disputes its authenticity. This court will consider Directive 1020 in deciding this motion.

- 14 -

Case 1:14-cv-00188-WO-LPA   Document 15   Filed 06/01/15   Page 14 of 17

injunctive relief, but one based in contract. Plaintiff is asking this court to relieve her of her obligation under the EISP, because Defendant made it impossible for her to meet her end of the bargain. Although Plaintiff asserts a potential defense in contract, the Fourth Circuit, in addressing a similar scholarship created by statute, stated "that the relationship between the . . . scholar and the Government is statutory and not contractual, and that ordinary contract principles do not apply to the agreements governing that relationship." United States v. Vanhorn, 20 F.3d 104, 112 (4th Cir. 1994).

In Vanhorn, the Fourth Circuit addressed the issue of whether a physician who defaulted on a loan through the National Health Service Corps ("NHSC") could assert contract defenses when the physician did not fulfill her requirements for the scholarship money and the government tried to get the money back. Specifically, after surveying other circuit and district court decisions on the same issue, the Fourth Circuit found that

> [T]he NHSC scholarship program is an exercise by the federal government of its authority under the constitutionally-granted spending power to bring about a public policy goal, namely, the provision of medical services to underserved areas. . . . [A]greements under this scheme are subject to statutory, not contractual, interpretation.

Vanhorn, 20 F.3d at 111-12. The court further found that "the inapplicability of contract principles does not leave the scholar without recourse; appeal may be made to the Secretary of DHHS as the agency overseeing the program, who in proper circumstances may cancel, waive, or suspend the scholar's obligation." Id. at 112.

Like the scholarship agreement in Vanhorn, Plaintiff's scholarship came from an exercise of the federal government to address a public policy issue. "The purpose of the Educational Assistance Program is to assist in providing an adequate supply of trained health-care personnel for the [VA] and the Nation." 38 U.S.C. § 7601. And like the agreement in Vanhorn, the EISP specifies what will happen if there is a breach. 38 U.S.C. § 7624. VHA Directive 1020, which implements the EISP, specifies that all requests for waivers from any payment obligation must be directed to the VA's Under Secretary for Health and/or the Director of the Healthcare Recruitment and Retention Office and are not appealable. (VHA Directive 1020 (Doc. 7-4) § 5(i)(10)(b).)

This court finds the reasoning in Vanhorn persuasive and holds that Plaintiff's fourth cause of action should be dismissed for failure to state a claim. Plaintiff was terminated

from her job before she fulfilled her EISP obligation. In doing so, Plaintiff breached the EISP agreement. Per the analysis in Vanhorn, statutory penalties exist and contract defenses are not applicable. Therefore, Plaintiff has not pled an actionable claim and this court will grant Defendant's motion on this cause of action.

## IV. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Third and Fourth Cause of Action (Doc. 6) is **GRANTED** and these claims will be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall have ten (10) days from the entry of this Memorandum Opinion and Order to file an amended complaint. Plaintiff's complaint (Doc. 11) may be amended for the limited purpose of waiving all damages in excess of $10,000 in Plaintiff's third cause of action, her breach of contract claim. If Plaintiff chooses not to file an amended Complaint, the third cause of action will be dismissed without prejudice in accordance with this Opinion.

This the 1st day of June, 2015.

_____
United States District Judge